IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AKOP BAGDASARYAN,

    Petitioner,                      No. 2:11-cv-03314-JAM-DAD P

    vs.

GARY SWARTHOUT, et al.,         FINDINGS AND RECOMMENDATIONS

    Respondents.

                             /

          Petitioner, a state prisoner incarcerated at the California State Prison - Solano, is proceeding pro se with a petition for a writ of habeas corpus. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole following his January 7, 2010 parole suitability hearing. Before the court is respondent Swarthout's motion to dismiss the petition as untimely and for failure to state a cognizable claim for federal habeas relief. Petitioner has filed an opposition to the motion, respondent has filed a reply and petitioner has filed an unauthorized sur-reply.[1]

/////

/////

---

[1] In light of petitioner's pro se status the court has considered petitioner's unauthorized response to respondent's reply.

1

## MOTION TO DISMISS THE PETITION AS UNTIMELY

**I. Statute of Limitations Under the AEDPA**

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**II. Background**

On January 7, 2010, petitioner received a parole suitability hearing.[2] At that time the Board determined that petitioner was not suitable for parole and that decision became final on

---

[2] According to the record, that hearing was the "Subsequent Number Three Parole Consideration Hearing for Akop Bagdasaryan." (Doc. No. 13-7 at 55.)

2

1  May 7, 2010.  (Doc. No. 13-1 at 42.)

2  On April 27, 2010, petitioner signed his habeas petition filed with the Los Angeles County Superior Court in which he challenged the Board's 2010 decision.[3]  (Id. at 10.)  On July 1, 2010, that petition was denied.  (Doc. No. 13-6 at 2.)  On August 25, 2919, petitioner signed a proof of service for his "Motion For Rehearing" filed with the California Court of Appeal for the Second Appellate District.  (Doc. No. 13-7 at 2 & 18.)  On September 22, 2010, the motion, construed by the court as a petition for writ of habeas corpus, was denied by the state appellate court.  (Doc. No. 13-9 at 2.)  On September 30, 2010, petitioner filed a petition for review with the California Supreme Court.  (Doc. No. 13-10 at 2 & 17-18.)  On November 23, 2010, that petition was summarily denied.  (Doc. No. 13-12 at 2.)

The petition for a writ of habeas corpus pending before this court was signed by petitioner on November 20, 2011, and filed with the U.S. District Court for the Central District of California.  On December 14, 2011, this action was transferred to and filed in this court.

**III. Parties' Arguments**

A.  Respondent's Motion to Dismiss

Respondent argues that the statute of limitations for petitioner to seek federal habeas relief began to run on January 8, 2010, one day after the parole consideration hearing he challenges.  (Doc. No. 13 at 4.)  Respondent contends that on the date of the parole hearing, petitioner became aware of the factual predicate of his claims because that is the date when the Board announced its decision to deny him parole.  (Doc. No. 13 at 3.)  According to respondent, the statute of limitations for the filing of a federal habeas petition continued to run for 109 days until it was tolled by petitioner's filing of a habeas petition with the Los Angeles Superior Court

---

[3] The court applies the mailbox rule in determining the date of filing of petitioner's state and federal habeas petitions.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).  Under the mailbox rule, the court deems petitions filed on the date the petitioner presumably handed his petition to prison authorities for mailing or the date the petition in question was signed by the petitioner.

1  on April 28, 2010.  (Id. at 4.)  Tolling of the statute of limitations continued until the California
2  Supreme Court ultimately denied his petition for review on November 23, 2010.  (Id.)
3  Respondent contends that petitioner's federal habeas petition was not filed until 378 days later on
4  November 23, 2011, when it was transferred to the U.S. District Court for the Eastern District of
5  California.  (Id.)  Based upon this calculation (109 + 378 = 487 days - 365 days = 122 days),
6  respondent contends that petitioner's federal habeas petition was filed 122 days after the
7  applicable one-year statute of limitations had expired.  (Id.)

      B.  Petitioner's Opposition

         Petitioner asserts that the statute of limitations for his seeking of federal habeas relief in this matter began to run on November 23, 2010, when the California Supreme Court denied his petition for review. (Doc. No. 14 at 2.)  Petitioner also contends that his federal habeas petition was filed when he delivered it to prison authorities for mailing and not on the date that it was transferred to this court by the U.S. District Court for the Central District of California.  (Id. at 3.)  Petitioner refers to the transfer order which he notes advises only that the district of confinement is the preferred forum for the petition and does not state that his federal habeas petition was improperly filed in the Central District.  (Id.)

      C.  Respondent's Reply (Doc. No. 15)

         Respondent again argues that the one-year limitations period during which petitioner could seek federal habeas relief began to run from the date the factual predicate for his claims could have been discovered through the exercise of due diligence and that petitioner in fact became aware of the factual predicate for his claims on January 7, 2010, the day of his parole consideration hearing.  (Doc. No. 15 at 2.)  Thus, according to respondent, the statute of limitations began to run on January 8, 2010.  (Id.)  Respondent also repeats his contention that the filing of the federal petition in the U.S. District Court for the Central District of California on November 23, 2011, did not toll the statute of limitations because the petition was not properly filed at that time.  (Id.)  Respondent asserts that the federal statute of limitations was running

until December 6, 2011, when the federal petition was transferred to this court. (Id.)

   D. Petitioner's Sur-Reply

In his unauthorized sur-reply petitioner contends that an evidentiary hearing is needed to resolve the issues of statutory tolling and whether his federal habeas petition was properly filed. (Doc. No. 16 at 2.) Petitioner argues that the applicable statute of limitations did not begin to run "until Petitioner's State habeas filing became final on February 23, 2011," ninety days after the California Supreme Court denied his petition for review. (Id. at 5.)

**IV. Analysis**

   A. Application of § 2244(d)(1)(D)

The statute of limitations for the seeking of federal habeas relief based upon a challenge to a parole suitability hearing is based on § 2244(d)(1)(D), the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. Mardesich v. Cate, 668 F.3d 1164, 1171-72 (9th Cir. 2012) (citing Redd v. McGarth, 343 F.3d 1077 (9th Cir. 2003)). "As a general rule, the state agency's denial of an administrative appeal is the 'factual predicate' for such habeas claims." 668 F.3d at 1172. In the context at issue here, "[c]ourts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole." Wilson v. Sisto, No. 2:07-cv-00733-MCE-EFB P, 2008 WL 4218487, at *2 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, No. 1:08-cv-00114-OWW-SMS HC, 2008 WL 2509509, at *4 (E.D. Cal. June 23, 2009)). See also Gonzales v. Swarthout, No. 2:11-cv-01446-GEB-EFB P, 2012 WL 2577545, *1 (E.D. Cal. July 3, 2012) (same); King v. Biter, No. 1:12-cv-00083-LJO-MJS HC, 2012 WL 2559263, at *3 (E.D. Cal. June 29, 2012) (noting that the Ninth Circuit "has not decided whether the triggering event is the initial decision denying parole or the point at which the decision becomes final" and that "the initial, proposed decision cannot logically constitute all the facts constituting reasonable grounds for asserting a claim challenging a parole decision, as the parole decision has yet to be made.").

    In reliance on these authorities, the undersigned finds that the factual predicate of his claims became known to petitioner when the parole decision in question became final, which in this case was on May 7, 2010.  Thus, the statute of limitations for the filing of a federal habeas petition by petitioner began to run on May 8, 2010.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (concluding that the AEDPA statute of limitations begins to run the day after the act or event which triggers the running of the statute of limitations).

  B. Application of § 2244(d)(2)

    "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

    As noted above, the statute of limitations for the filing of petitioner's federal habeas petition in this case began to run on May 8, 2010.  It is undisputed by respondent that petitioner is entitled to statutory tolling of the limitations period from the date his habeas petition was filed with the Los Angeles County Superior Court until his petition for review was denied by the California Supreme Court.  The intervals between petitioner's filing of his state habeas petitions at each level of review were reasonable.  The court therefore finds that statutory tolling

/////

/////

/////

applies during that entire period of time that he was pursuing relief in state court.[4]  Petitioner was entitled to statutory tolling of the federal limitations period from May 8, 2010 through November 23, 2010, when the California Supreme Court denied his petition for review.  The one-year statute of limitations for the filing of a federal habeas petition in this case therefore began to run on November 24, 2010.

### C. Filing Date for Federal Petition

As noted above, petitioner's federal habeas petition was signed by him on November 20, 2011, and was filed with the U.S. District Court for the Central District of California on December 6, 2011.  The case was then transferred on December 14, 2011, from the judicial district from where petitioner was convicted (Central District) to the Eastern District of California where petitioner was confined at the time of the parole hearing he seeks to challenge.  Respondent argues that the statute of limitations for the filing of the federal habeas petition continued to run until the petition was transferred to this court because it was not properly filed by petitioner in the U.S. District Court for the Central District of California.  Respondent's argument in this regard is unpersuasive.

First, the general rule with regard to habeas applications is that both the United States District Court in the district where petitioner was convicted and the District Court where petitioner is incarcerated have jurisdiction over the claims.  See Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).  Petitioner was convicted in the Los Angeles County Superior Court which is located within the boundaries of the Central District of California.  Accordingly, his federal habeas petition was obviously properly filed in the Central District.  Petitioner is correct that the transfer of his habeas action by that court to this court did not call into question the

---

[4] Although petitioner filed his first state habeas petition with the Los Angeles County Superior Court before the statute of limitations for the filing of a federal petition even began to run, that state habeas petition was denied on the merits, was properly filed and therefore served to toll the federal statute of limitations.  See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008)  (a state habeas petition filed before the effective date of petitioner's conviction nonetheless served to toll the federal limitations period).

appropriateness of his filing in that district.[5]  Moreover, even if the Central District was an improper venue for this action, the filing date of the petition following the transfer would still be deemed the date petitioner signed his petition and submitted it for filing in the Central District. See Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) ("A compelling reason for transfer is that the plaintiff, whose case is transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferor court . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court."); Cross v. Corona, No. CIV S-09-0488 LKK KJM P, 2010 WL 716318, at *3 n.3 (E.D. Cal. March 2, 2010) (citing Rule 22(a) of the Federal Rules of Appellate Procedure and holding that even where a case is filed in a court without jurisdiction and the court transfers the action, it "shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.").

        Although the statute of limitations for petitioner's filing of a federal habeas petition would have commenced running on May 8, 2010, on that same date the statute of limitations was tolled since he was already pursuing his round of state collateral review.  In effect then, the statute of limitations for the seeking of federal habeas relief did not commence until November 24, 2010, the day after the California Supreme Court denied petitioner's petition for review.  Petitioner therefore had until November 23, 2011 to file his federal habeas petition. That petition was filed on November 20, 2011, the date the federal habeas petition was signed by petitioner.  Therefore, the federal habeas petition pending before this court was timely filed three

---

[5] Respondent cites the decision in Hood v. Galaza, 47 F. Supp. 2d 1144, 1147 (S.D. Cal. 1999) in support of his contention that petitioner's filing of his habeas petition in the U.S. District Court for the Central District of California was improper and of no consequence.  In Hood, the petitioner had been convicted within the boundaries of the Southern District of California.  47 F. Supp. 2d at 1145.  The district court in that case found, without citation to authority, that his federal habeas petition attacking that conviction should have been filed in the Southern District and that his filing of the petition initially in the Eastern District did not toll the statute of limitations.  Id. at 1147.  The court in Hood did not identify where the petitioner was incarcerated at the time of his initial federal habeas filing.  In any event, here petitioner filed his petition in the district of conviction, as the court in Hood found was appropriate.

days before the one-year statute of limitations expired and respondent's motion to dismiss that petition as untimely should be denied.

**MOTION TO DISMISS FOR FAILURE TO STATE COGNIZABLE<br>CLAIM FOR FEDERAL HABEAS RELIEF** [6]

**I. Background**

In his pending federal habeas petition, petitioner raises two grounds for relief. First, he claims that the Board's 2010 decision to deny him parole violated his due process rights because that decision was based on "unchanging crime factors[.]" (Doc. No. 1 at 6.) Petitioner contends that the Board did not rely on evidence showing that he was likely to resume criminal activity if released, and instead relied on the gravity of his offense of conviction and his criminal conduct before and after imprisonment. (Id.) Petitioner argues that such evidence does not "qualify as 'some evidence' as it relates to current dangerousness." (Id.)

Second, petitioner claims that the Board's decision to delay his next parole consideration for ten years pursuant to California Penal Code § 3041.5(b)(3) (Marsy's Law) is unlawful. (Id. at 7.) Petitioner contends that because he was sentenced in 1993 and Marsy's Law was enacted in 2008, the longer deferral periods between parole hearings authorized by Marsy's Law violates the ex post facto clause. (Id.)

**II. Due Process Claim**

   A. The Parties' Arguments

Respondent argues that petitioner's due process claim is not cognizable in light of the decision in Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861 (2011) in which the Supreme Court held that due process requires only that California inmates be given an

---

[6] Under Rule 4 of the Rules Governing Section 2254 Cases, "If it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal . . . ." Rule 4, Rules Governing § 2254 Cases. Rule 4 "'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

opportunity to be heard at the parole consideration hearing and a decision informing them of the reasons for the Board's decision. (Doc. No. 13 at 5.) Since petitioner does not claim that he was denied either of these procedural protections, respondent contends that he has failed to adequately allege any claim that his constitutional right to due process was violated. (Doc. No. 15 at 2-3.)

Petitioner cites to the decision in Superintendent v. Hill, 472 U.S. 445, 446-447 (1986), arguing that he has a due process right to a Board decision that is supported by "some evidence." (Doc. No. 14 at 4.) Petitioner contends that it his "current lack of danger to the community is obvious" and that this court can review the Board's decision to ensure that the "some evidence" standard has been met. (Id.)

B. Analysis

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 131 S. Ct. at 861-62 (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.").  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole -- in one case by the Board, and in the other by the Governor after the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied."  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts a

/////

/////

component of the federal due process standard. Id. at 862-63.[7] See also Pearson, 639 F.3d at 1191.

   Here, petitioner asserts that he was denied due process in that the Board's 2010 decision to deny him parole was not supported by "some evidence" as required under California law. As explained above, however, the Supreme Court has held that petitioner's due process rights are limited and require only that he be provided an opportunity to be heard and to receive a statement of reasons why parole was denied. Respondent has submitted to this court a copy of petitioner's state habeas petitions filed with the California Court of Appeal for the Second Appellate District and the California Supreme Court. Those petitions included a copy of petitioner's January 7, 2010, parole suitability hearing transcript and the Board's decision announced at that hearing. That transcript establishes that petitioner was represented by counsel at his 2010 parole suitability hearing, that petitioner was given the opportunity to be heard, and that he was provided the reasons why parole was denied by the Board panel. (See Doc. No. 13-7 at 55 & 65; Doc. No. 13-8 at 25, 34-41.) That is all the process that was due petitioner under the U.S. Constitution. Swarthout, 131 S. Ct. 862; see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191. Therefore, respondent's motion to dismiss petitioner's due process claim should be granted.

**III. Ex Post Facto Claim**

   Petitioner's second claim for relief is based upon his contention that application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2010 parole hearing violated the Ex Post Facto Clause of the United States Constitution because it lengthened

---

  [7] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .").

the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence. For the reasons set forth below, the undersigned finds this claim must be dismissed without prejudice because petitioner is a member of the class in Gilman v. Fisher, No. 2:05-cv-00830-LKK-GGH, a class action lawsuit which addresses this issue.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)). See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes. Himes, 336 F.3d at 854. The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 259 (2000).

Petitioner appears to have been convicted in 1994, fourteen years prior to the passage of Marsy's Law in November 2008. Marsy's Law amended California law governing parole deferral periods. See Gilman v. Davis, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining enforcement of Marsy's Law, to the extent it amended former California Penal Code § 3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011). Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that

parole could be granted the following year.  If that determination was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to five years.  See Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner at the time of his 2010 parole suitability hearing, amended § 3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years.  Id. § 3041.5(b)(3) (2010).

One of the claims presented by the plaintiffs in the class action Gilman case is that the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime."  (Gilman, Doc. No. 154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008."  (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for each member of the class.  (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.)

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the suit.  Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the Gilman class, the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2) that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate

14

1  respecting the class as a whole." (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class
2  pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals
3  Memorandum affirming district court's order certifying class.)) According to the district court in
4  Gilman, the members of the class "may not maintain a separate, individual suit for equitable
5  relief involving the same subject matter of the class action." (Gilman, Doc. No. 296 (Dec.10,
6  2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010
7  Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time
8  in this habeas action suggesting that petitioner has requested permission to opt out of the Gilman
9  class action lawsuit.

10         Rather, petitioner alleges he is a California state prisoner who was sentenced to a
11  life term in state prison with the possibility of parole for an offense that occurred before
12  November 4, 2008. (Pet. at 1.) Accepting petitioner's allegations as true, he is a member of the
13  Gilman class. Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that
14  Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a
15  risk of increasing the length of his punishment. Petitioner asks the court to issue a writ of habeas
16  corpus. However, even if the court found that the Board's 2010 ten-year deferral of petitioner's
17  next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to
18  release on parole. Because his Ex Post Facto claim concerns only the timing of petitioner's next
19  parole suitability hearing, success on that claim would not necessarily result in determinations
20  that petitioner is suitable for release from custody on parole. Rather, petitioner's equitable relief
21  would be limited to an order directing the Board to conduct a new parole suitability hearing and
22  enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be
23  unconstitutional. This is the same relief petitioner would be entitled to as a member of the
24  pending Gilman class action. (See Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental
25  Complaint) at 14.)
26  /////

1 Therefore, it appears clear that petitioner's rights will be fully protected by his participation as a class member in the Gilman case. Accordingly, the court will recommend that petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed without prejudice to any relief that may be available to him as a member of the Gilman class. See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board, No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012) (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).

**IV. Equal Protection Claim**

In petitioner's unauthorized sur-reply, he contends in conclusory fashion that his federal habeas petition also raises an equal protection claim. (Doc. No. 16 at 2.) It does not. While petitioner may have attempted to challenge the Board's 2010 decision to deny him parole on equal protection grounds in his state court petitions, he did not do so in his federal petition. Rather, the pending federal petition raises only a due process claim and an ex post facto claim.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's March 6, 2012 motion to dismiss the pending federal habeas petition as untimely (Doc. No. 13) be denied;

/////

2. Defendant's March 6, 2012 motion to dismiss petitioner's due process claim for failure to state a cognizable claim for federal habeas relief (Doc. No. 13) be granted;

3. Defendant's March 6, 2012 motion to dismiss petitioner's Ex Post Facto Clause claim (Doc. No. 13) be granted and that claim be dismissed without prejudice to any relief that may be available to petitioner as a member of the class in Gilman v. Fisher, No. 2: 05-00830-LKK-GGH P; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections petitioner elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: December 11, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
bagd3314.mtd